# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4538 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Phillip Bradley vs. Joe Dortha Parker | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [39] is denied. Defendant Joe Dortha Parker's motion for extension of time to complete discovery [50] is granted as follows: All discovery shall be noticed in time to be completed by 08/13/10. Dispositive motions are to be filed by 09/20/10. Responses to dispositive motions. If any, are to be filed by 10/18/10 and replies, if any, are to be filed by 10/25/10. Status hearing reset to 08/17/10 at 9:00 a.m. Status hearing set for 07/29/10 is stricken.

■[ For further details see text below.]    Docketing to mail notices.

## Opinion

This matter is before the court on Plaintiff Phillip Bradley's (Bradley) motion for reconsideration. On February 12, 2010, the court granted Defendant City of Chicago's (City) motion for protective order. Bradley now requests that the court reconsider that ruling. A motion for reconsideration may be brought "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982)). Such motions cannot be used as a "'vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash[]" the same arguments that were already rejected by the court on a prior occasion. *Id.*

Bradley contends that the court should not allow the protective order to cover the Complaint Register (CR) for disciplinary complaints brought against Defendant Police Officer Joe Dortha Parker (Parker). Bradley has not contended that the City has refused to provide Bradley's counsel with the CR once the court entered the protective order. Bradley seeks to have the information the CR be made available on the public record and not protected by a protective order. Bradley indicates that he does not have an objection to a protective order that covers Parker's personal information, such as his medical information, social security number, home address, and family information. Bradley also indicates that he is willing to keep information from the CR confidential that involves non-parties that have been arrested by Parker. Bradley also indicates that he will not retain any documents concerning the CR after the end of this litigation. Bradley argues that in recent rulings, other courts have found that CRs should not be covered by protective orders. However, none of the cases cited by Bradley are controlling precedent. (Recon. 1-2).

Bradley has not shown that the court erred in entering the protective order and has not provided sufficient justification for the vacation of the court order. The information in the CR contains much private information concerning incidents not related to the instant action and non-parties in this action, and therefore, the CR was properly covered by the protective order.

| **Opinion** |
|---|
|       Bradley also points to the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.*, contending that the public has legitimate interest in monitoring public servants. (Recon. 7). Bradley argues that any harm to Parker or other officers "is far outweighed by the importance of disclosure to the citizens of Chicago." (Recon. 9). Bradley contends that "Courts should not make confidential those documents which are otherwise available to the general public with a simply FOIA request." (Reply 2). However, Bradley brought the instant action pursuant to 42 U.S.C. § 1983, relating to a specific alleged traffic stop performed by Parker. Bradley did not bring the instant action to demand his right as a concerned citizen to be informed about police conduct. If Bradley desires to monitor public servants in his role as a member of the public, and to obtain information for "the citizens of Chicago," (Recon. 9), the instant action is not the proper forum in which to do so. Whether a concerned member of the public can access a CR pursuant to FOIA or other statute is not the issue before this court. The issue before this court is whether the court's entry of the protective order was appropriate. In *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), the Court considered the implications of a protective order covering a CR that might be covered by the Illinois FOIA. *Id.* at 1076 n.10. The Court noted that nothing in the protective order at issue "prohibit[ed] the City from disclosing any of its police department records to the public upon request." *Id.* Likewise in the instant action, Bradley has not pointed to any portion of the protective order that would bar City employees from complying with a proper request for information by members of the public. Therefore, we deny the motion for reconsideration. |